BOUND *v.* SOUTH CAROLINA RY. CO. *et al.*

*(Circuit Court, D. South Carolina. August 4, 1890.)*

ATTORNEY'S FEES—RECEIVER—RAILROAD MORTGAGE.
    Where the holder of second-mortgage railroad bonds brings suit for the appointment of a receiver, and a receiver is therefore appointed with the consent of all interested parties, and to the advantage of all, the services rendered by the complainant's attorneys, being for the common benefit, should be paid for from the assets of the company.

In Equity.
*Mitchell & Smith,* for complainant.
*S. Lord,* for defendants.
Before BOND and SIMONTON, JJ.

PER CURIAM. This is an application for the payment of fees to the attorneys of the complainant for services in and about filing the bill, and procuring the appointment of a receiver. The bill was filed by the holder of second-mortgage bonds, after demand upon and omission by the trustees of the second mortgage to take action in that behalf. Upon the return of the rule issued, when the bill was filed to show cause why a receiver should not be appointed for the South Carolina Railway Company, the trustees of the first mortgage, a very large number of the holders

of the first-mortgage bonds, and the trustees and holders of the income bonds, came in, recognized the necessity for a receiver, and acquiesced in the appointment of Mr. Chamberlain. The trustees of the second mortgage made no objection except to the right of the complainant to sue. It thus appears that all parties in interest agreed that the course pursued by the complainant was for the good of all persons concerned in the property. When, at a subsequent period, it was proposed to sell the railway property, and wind up the receivership, all parties, trustees, and bondholders, representing the first mortgage, concurred in opposition to the proposed order for sale, and united in the opinion that it was for the benefit of the first-mortgage bondholders that the railway property remain in the hands of and be managed by the receiver. Up to this time the practical result of the receivership is a reduction of expenses and a large increase in the earnings of the property. It thus appears that the services rendered by the attorneys for the complainant were for the common benefit and the advantage of the fund in which all the creditors are interested. They should therefore be compensated out of that fund. The entire amount of this compensation we will not fix now. We prefer to follow the course suggested by Judge BREWER in *Central T. Co.* v. *Wabash, etc., Ry. Co.*, 23 Fed. Rep. 675, and set apart a sum for present purposes, to be supplemented in the future, the amount to be measured by the results of the case. It is ordered that the receiver pay to Messrs. Mitchell & Smith, complainant's solicitors, $6,000 on account of professional services.